IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| I.U.O.E. LOCAL 68 PENSION FUND and ROBERT MASTERSON | : <br> : <br> : |
| Plaintiffs, | :     Civil No. 12-6773 (RBK/AMD) <br> : |
| v. | :     **OPINION** <br> : |
| RESORTS INTERNATIONAL HOTEL, INC., A N.J. CORPORATION | : <br> : <br> : |
| Defendant. | : <br> : |

**KUGLER**, United States District Judge:

This matter arises out of Plaintiffs I.U.O.E. LOCAL 68 Pension Fund ("Fund") and Robert Masterson's (collectively, "Plaintiffs") claims against Resorts International Hotel, Inc. ("Defendant") for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Currently before the Court is Plaintiffs' motion for default judgment under Federal Rule of Civil Procedure 55(b)(2) (Doc. No. 5).[1] For the reasons stated herein, the Court will grant in part and deny in part Plaintiffs' motion. It will also direct them to appear for a hearing to determine a proper award of damages.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[2]

---

[1] Throughout this Opinion, the Court will refer to the Federal Rules of Civil Procedure simply as the "Rules."
[2] As a consequence of the Clerk of Court's entry of default against Defendant on January 1, 2013, and for purposes of deciding the instant motion for default judgment, the Court accepts as true the factual allegations in Plaintiff's Complaint, save those relating to damages. *United States v. Pinsky*, No. 10-2280, 2011 WL 1326031 at *2 (D.N.J. Mar. 31, 2011) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Plaintiff Fund is an employee benefit plan as defined by 29 U.S.C. § 1002(3)), an employee benefit pension plan as defined by 29 U.S.C. § 1002(2), and a multiemployer plan as defined by 29 U.S.C. § 1002(37) and 29 U.S.C. § 1301(a)(3). Compl. ¶ 3. Plaintiff Robert Masterson is a member of the Fund's Board of Trustees, the plan sponsor as defined by 29 U.S.C. § 16(B)(iii) and 29 U.S.C. § 1301(a)(10)(A), and a fiduciary of the Fund as defined by 29 U.S.C. § 1002(a). *Id.* ¶ 4. Defendant was "a New Jersey Corporation with its principal place of business located at 1133 Boardwalk, Atlantic City, New Jersey" and "a participating Employer in the Fund pursuant to the provisions of a Collective Bargaining Agreement with the Engineers Union." *Id.* ¶¶ 5, 9.

In December 2010, Defendant made a complete withdrawal from the Fund. *Id.* ¶ 10. As a result of Defendant's withdrawal, Plaintiffs claim that Defendant is liable to them under 29 U.S.C. § 1399(c)(5). *Id.* ¶ 17. Plaintiffs sent letters dated April 5, 2012 and June 21, 2012 notifying Defendant of its withdrawal liability. *Id.* ¶ 11. Defendant neither challenged Plaintiffs' calculation of the monies allegedly owed nor did it initiate arbitration. *Id.* ¶¶ 12-13. By the time Plaintiffs filed their Complaint in this matter on October 31, 2012, Defendant still had made no withdrawal liability payments. *Id.* ¶ 14. Accordingly, Plaintiffs, now alleging that Defendant is in default, "seek judgment against Defendant and each other member within their [sic] control group for the entire amount of the outstanding withdrawal liability due, plus accrued interest. . . ." *Id.* ¶¶ 18, 19. In addition, they seek "liquidated damages and costs, including reasonable attorneys' fees" pursuant to 29 U.S.C. § 1301(b) and § 1132(g)(2). *Id.* ¶ 20. Finally, Plaintiffs seek an injunction requiring "Defendant to provide the Fund with information of each member within its control group." *Id.* ¶ 23.

On October 31, 2012, Plaintiffs filed their Complaint in this matter (Doc. No. 1). Plaintiffs served Defendant with process on November 8, 2012 (Doc. No. 4). On January 1, 2013, having received no response from Defendant, Plaintiffs sought, and subsequently received, the Clerk of Court's entry of Default under Rule 55(a) (Doc. No. 4). Shortly thereafter, Plaintiffs filed the instant motion for default judgment (Doc. No. 5).

## II. DISCUSSION AND ANALYSIS

Rule 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in this Circuit that cases be decided on the merits rather than by default whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If it finds default judgment to be appropriate, the Court will then consider the question of damages.

### A. Appropriateness of Default Judgment

*i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject matter jurisdiction over Plaintiffs' causes of action and personal jurisdiction over Defendant. *U.S. Life Ins. Co. in City of New York v. Romash*, No. 09-3510, 2010 WL 2400163 at *1 (D.N.J. June 9, 2010). Verifying the Court's jurisdiction is of particular concern where, as here, the defaulting party has failed to make an appearance or submit any responsive communication to the Court.

In this case, the Court has federal question jurisdiction over Plaintiffs' first cause of action for outstanding withdrawal liability because the claim arises under a federal statute. *See*

3

29 U.S.C. § 1451(c) (providing the U.S. district courts with jurisdiction over civil actions brought to enforce applicable ERISA obligations). The same is true for Plaintiffs' second cause of action. *See* 29 U.S.C. § 1132(e)(1) and (f).

In addition, the Court must consider whether it may exercise personal jurisdiction over Defendant. In this case, personal jurisdiction exists over Defendant because, among other reasons, it was physically located in the state of New Jersey at the time it was served with process in this matter. *See* Fed. R. Civ. P. 4(k)(1)(A); N.J. Ct. R. 4:4-4(a) ("The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State....").

### ii.   *Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was proper. Rule 55(a) directs the Clerk of Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant was properly served with the Summons and Complaint on November 8, 2012 (Doc. No. 4). Thereafter, it failed to respond to the Complaint within twenty-one days of service as required under Rule 12(a). Plaintiffs attested to these facts in a certification attached to its request for default (Doc. No. 4). Accordingly, the Clerk's entry of default under Rule 55(a) was appropriate.

### iii.   *Plaintiff's Cause of Action*

Third, the Court must determine whether Plaintiff's Complaint states a plausible cause of action against Defendant. In conducting this inquiry, the Court accepts as true a plaintiff's well-pleaded factual allegations while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006) (citing 10A Charles A.

4

Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)).

As stated above, Plaintiffs' first cause of action is for outstanding withdrawal liability pursuant to 29 U.S.C. § 1399(c)(5). Section 1399(c)(5) states: "In the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5) (2013); *see also* 29 U.S.C. § 1451(a)(1) (2013) (providing a legal or equitable cause of action for "a plan fiduciary, employer, plan participant, or beneficiary, who is adversely affected by the act or omission of any party under this subtitle with respect to a multiemployer plan, or an employee organization which represents such a plan participant or beneficiary for purposes of collective bargaining"). The Court finds that Plaintiffs' Complaint states a valid claim against Defendant under 29 U.S.C. § 1399(c)(5). Plaintiffs allege that in December 2010, Defendant made a complete withdrawal from the Fund and that as of Plaintiffs' filing of their Complaint on October 31, 2012, Defendant has made no withdrawal liability payments. Compl. ¶¶ 10, 14. The Court finds that these allegations are enough to state a claim under 29 U.S.C. § 1399(a)(5).

Plaintiffs' second cause of action is for an injunction requiring Defendant to provide information relating to the identity of each member of its control group. Section 1399(a) states: "An employer shall, within 30 days after a written request from the plan sponsor, furnish such information as the plan sponsor reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of this part." 29 U.S.C. § 1399(a) (2013). The Complaint, however, fails to allege that Plaintiffs actually made such a request from Defendant. Therefore, Plaintiffs fail to state a claim under 29 U.S.C. § 1399(a).

5

*iv.* *Emcasco* factors

Fourth, and lastly, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; (3) the defaulting party's culpability in bringing about default. *Bridges Financial Group, Inc. v. Beech Hill Co., Inc.*, No. 09-2686, 2011 WL 1485435 at *3 (D.N.J. Apr. 18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). In this case, all three of these factors militate in favor of granting a default judgment. First, there is no indication that Defendant has a cognizable defense to Plaintiffs' allegations of negligent transport. *See Hill v. Williamsport Police Dept.*, 69 Fed. App'x 49, 52 (3d Cir. 2003) ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable defense, [rendering this first] factor . . . inconclusive."). Second, because Defendant has wholly failed to answer the Complaint or otherwise appear, Plaintiffs suffer prejudice if they do not receive a default judgment because they have no alternative means of vindicating their claim against the defaulting party. *See Directv v. Asher*, No. 03-1969, 2006 WL 680533 at *2 (D.N.J. Mar. 14, 2006). Third, Defendant's failure to respond permits the Court to draw an inference of culpability. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081 at *2 (D.N.J. Sept. 8, 2008). Thus, the *Emcasco* factors weigh in favor of entering default judgment.

*v.* Conclusion

In light of the foregoing analysis, the Court finds that Plaintiffs are entitled to a default judgment against Defendant on the First Count of their Complaint.

**B.    Damages**

6

Plaintiffs seek actual damages of $3,159,462.00 plus interest. Pl.'s Prayers for Relief 1(i), (ii). They also seek liquidated damages and attorneys' fees and costs. *Id.* at 1(iii), (iv). They have failed, however, to submit any documentation supporting these figures. As the Court is not bound to accept as true Plaintiffs' mere allegations concerning damages, *see Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), it will have to determine a proper award at a later hearing. *See* Fed. R. Civ. P. 55(b)(2)(B).

## III. CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Plaintiffs' motion for default judgment and direct Plaintiffs to appear for a hearing to determine a proper award of damages. An appropriate order shall issue today.


Date: 8/7/2013                                                         /s/ Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge